United States District Court
Middle District of Florida
Jacksonville Division

**KEITH HARTLEY,**

    *Plaintiff,*

v.                                                                    **NO. 3:16-cv-643-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Order Granting Motion for Fee Authorization

Keith Hartley's attorney, Erik Berger, Esquire, moves under 42 U.S.C. § 406(b) and 20 C.F.R. § 404.1728(b) for authorization to charge Hartley $6611.99 for Berger's successful representation of him in this action. Doc. 20. The Commissioner of Social Security has no opposition. Doc. 22.

## Background

Hartley applied for benefits. Tr. 23. An Administrative Law Judge found him not disabled, and the Appeals Council denied his request for review.

Hartley brought this action to challenge the denial. Doc. 1. He and Berger entered into a contingent-fee agreement under which Berger agreed to represent him in this action, and he agreed to pay Berger 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 17.

Berger filed a complaint, Doc. 1, and a 22-page brief arguing why the Commissioner was wrong, Doc. 11, and the Commissioner filed a response arguing otherwise. Doc. 13. The Court reversed and remanded for further agency proceedings.

Doc. 15. The Court later granted Hartley's request under the EAJA for $400 in costs and $4677.75 in attorney's fees based on 24.3 hours at $192.50 an hour. Doc. 18.

On remand, Hartley obtained $24,554.60 in past-due Title II benefits and $1893.36 in past-due Title XVI benefits, and the agency set aside a portion of those amounts for attorney's fees. Docs. 20, 20-1, 20-1.

## Authority

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "The 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. 28 U.S.C. § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) motion. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). A court reversibly errs by instead

employing the lodestar method. *Gossett v. Soc. Sec. Admin., Comm'r*, No. 19-13922, 2020 WL 2043429, at *3 (11th Cir. Apr. 28, 2020) (unpublished).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

## Analysis

Berger arrives at his request for authorization to charge **$6611.99** in § 406(b) fees as follows: **$6138.65** (25 percent of Hartley's Title II past-due benefits of **$24,554.60**), plus **$473.34** (25 percent of Hartley's Title XVI past-due benefits of **$1893.36**). Doc. 20.

To satisfy his burden of establishing that the requested fees are reasonable, Berger observes the amount does not exceed 25 percent of the past-due benefits and the amount is authorized by the contingent-fee agreement. Doc. 20 at 6. He contends he provided "extraordinary representation" to Hartley, representing him for more than five years and persisting on his behalf, and the amount "is not so large in comparison to the time expended[.]" Doc. 20 at 6.

The Court finds that, based on those circumstances, Berger's requested fees are reasonable.

## Conclusion

Thus, the Court:

1.  **grants** the motion, Doc. 20;

2.  authorizes Berger to charge Hartley $6611.99 from past-due benefits for Berger's successful representation of him in this action;* and

3.  directs the clerk to enter judgment accordingly and close the file.

**Ordered** in Jacksonville, Florida, on July 22, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*As Berger recognizes, he must refund Hartley $4677.75 in EAJA fees. Doc. 20 at 3.

4

c:      Counsel of Record